## CIRCUIT COURT OF THE CITY OF RICHMOND

Charles Sayles

    v.

Ford Motor Co. et al.

April 13, 1989

Case No. LM 3710-1

By JUDGE MELVIN R. HUGHES, JR.

On March 16, 1989, the Court heard argument on defendant, Piccadilly Cafeterias, Inc.'s ("Piccadilly") demurrer.

Under settled principles, the determination of the demurrer is governed by well-pleaded facts set out in plaintiff's Motion for Judgment and fair inferences from those alleged facts. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985).

On the evening of December 21, 1987, Piccadilly hosted a Christmas party for its employees on its premises. Among its employees present were defendants, Stephen Belcastro and Theodore Bolling, Jr. (Belcastro and Bolling, respectively). During the party the defendants consumed alcohol and became intoxicated. Around midnight they left the party, each driving separate cars. Soon thereafter, the Belcastro and Bolling vehicles collided injuring the plaintiff, Charles Sayles, who was a passenger in the vehicle operated by Bolling.

Piccadilly demurs to plaintiff's claims against it contained in two counts of the Motion for Judgment. In count six, plaintiff alleges Piccadilly was negligent by allowing Belcastro and Bolling to become intoxicated and then allowing them to drive home. In count seven, plaintiff alleges Belcastro and Bolling were acting in the scope of their employment, and therefore, their negli-

gent acts are imputed to Piccadilly on a theory of *respondeat superior*.

Upon due consideration, the Court concludes the demurrer should be sustained in part and overruled in part for the following reasons.

Piccadilly contends that absent legislation to the contrary, a social host cannot be held accountable for the negligent acts of guests. Piccadilly relies on the reasoning in *Williamson v. The Old Brogue, Inc.*, 232 Va. 350 (1986), where the Supreme Court, applying the common law rule, decided that tavern owners are not liable for the negligent acts of patrons, absent so-called Dram Shop legislation. Plaintiff, on the other hand, citing case law from a number of other jurisdictions, claims this action is distinguishable from *Williamson* in that this case stems from an employment relationship and the duties and liabilities associated therewith.

The following passage from *Williamson* makes plaintiff's position on the authorities he advances in support thereof problematic under Virginia case law:

> The basis for the [common law] rule is that individuals, drunk or sober, are responsible for their own torts and that, apart from statute, drinking the intoxicant, not furnishing it, is the proximate cause of the injury. *Supra* at 353.

Applying this reasoning to our case, a social-employer host is not liable for its guests-employees unless there exists legislation to the contrary. There being no such legislation, Piccadilly is not liable for the negligent supervision claims. Although some jurisdictions recognize liability when the social function is business related, or the conditions of employment contribute to the employee's negligence, this is not the law in Virginia.

On the other hand, plaintiff's allegation of vicarious liability based on *respondeat superior* is deeply rooted Virginia common law. In *Crowell v. Duncan*, 145 Va. 487 (1926), the Court allowed a third party action, in a case like here, against the driver's father on the theory of *respondeat superior*. Since plaintiff has sufficiently alleged that Belcastro and Bolling were acting in the

scope of their employment at the party, this common law claim survives demurrer.

Accordingly, defendant shall provide the Court with a suitable sketch for order sustaining the demurrer in part and overruling it in part for the reasons stated herein.